UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ARNULFO GRANADOS,<br><br>    Plaintiff,<br><br>    v.<br><br>L. JUSTICE,<br><br>    Defendant. | Case No. 1:17-cv-00450-DAD-EPG (PC)<br><br>FINDINGS AND RECOMMENDATIONS, RECOMMENDING THAT THIS CASE BE DISMISSED, WITHOUT PREJUDICE, FOR PLAINTIFF'S FAILURE TO COMPLY WITH COURT ORDERS AND FAILURE TO PROSECUTE<br><br>(ECF NOS. 13 & 22)<br><br>OBJECTIONS, IF ANY, DUE WITHIN TWENTY-ONE DAYS |

      Arnulfo Granados ("Plaintiff") was a state prisoner proceeding *pro se* and *in forma pauperis* with this civil rights action filed pursuant to 42 U.S.C. § 1983. According to Defendant's counsel, Plaintiff has been paroled and deported. (ECF No. 23).

      The Court attempted to hold an initial scheduling conference on November 6, 2017. Counsel Robert Rogoyski telephonically appeared on behalf of Defendant. Plaintiff failed to appear. Plaintiff also failed to file the required scheduling conference statement (see ECF No. 13, p. 3).

      The Court rescheduled the conference to November 20, 2017, at 10:00 a.m. (ECF No. 21). The Court also required Plaintiff to show cause why sanctions should not issue for his failure to attend the initial scheduling conference, and ordered him to file his scheduling conference statement. (ECF No. 22).

      The Court notes that the minutes of the first initial scheduling conference that were mailed to Plaintiff were returned as undeliverable. Plaintiff has thus not kept the Court apprised of his current address, in violation of the rule that "[e]ach appearing attorney and pro se party is under a continuing duty to notify the Clerk and all other parties of any change of

address or telephone number of the attorney or the pro se party. Absent such notice, service of documents at the prior address of the attorney or pro se party shall be fully effective." Local Rule 182(f).

Plaintiff failed to appear at the rescheduled conference, failed to respond to the order to show cause, failed to file a current address, and failed to file his scheduling conference statement. Therefore, the Court will recommend that this case be dismissed, without prejudice, for Plaintiff's failure to comply with Court orders and failure to prosecute.

"In determining whether to dismiss a[n] [action] for failure to prosecute or failure to comply with a court order, the Court must weigh the following factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to defendants/respondents; (4) the availability of less drastic alternatives; and (5) the public policy favoring disposition of cases on their merits." Pagtalunan v. Galaza, 291 F.3d 639, 642 (9th Cir. 2002) (citing Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992)).

"'The public's interest in expeditious resolution of litigation always favors dismissal.'" Id. (quoting Yourish v. California Amplifier, 191 F.3d 983, 990 (9th Cir. 1999)). Accordingly, this factor weighs in favor of dismissal.

Turning to the risk of prejudice, "pendency of a lawsuit is not sufficiently prejudicial in and of itself to warrant dismissal." Id. at 642 (citing Yourish, 191 F.3d at 991). However, "delay inherently increases the risk that witnesses' memories will fade and evidence will become stale," id. at 643, and it is Plaintiff's failure to attend the initial scheduling conference and respond to court orders that is causing delay. Therefore, the third factor weighs in favor of dismissal.

As for the availability of lesser sanctions, at this stage in the proceedings there is little available to the Court which would constitute a satisfactory lesser sanction while protecting the Court from further unnecessary expenditure of its scarce resources. Considering Plaintiff's *in forma pauperis* status, monetary sanctions are of little use, and given the stage of these proceedings, the preclusion of evidence or witnesses is not available. Additionally, because the dismissal being considered in this case is without prejudice, the Court is stopping short of using

the harshest possible sanction of dismissal with prejudice.

Finally, because public policy favors disposition on the merits, this factor weighs against dismissal. Id.

After weighing the factors, including the Court's need to manage its docket, the Court finds that dismissal without prejudice is appropriate. Accordingly, the Court HEREBY RECOMMENDS that:

1. This action be dismissed, without prejudice, based on Plaintiff's failure to prosecute this case and failure to comply with the Court's orders entered on July 18, 2017 (ECF No. 13), and November 7, 2017 (ECF No. 22); and
2. The Clerk of Court be directed to close this case.

These findings and recommendations are submitted to the United States district judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). **Within twenty-one (21) days** after being served with these findings and recommendations, any party may file written objections with the court. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served and filed within seven days after service of the objections. The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal. Wilkerson v. Wheeler, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: **November 27, 2017**         /s/ Erica P. Grosjean
                                                                    UNITED STATES MAGISTRATE JUDGE